UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN IT INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-2080-x |
| | § | |
| UNITED STATES OF AMERICA, et al., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION, ORDER, AND FINAL JUDGMENT

Before the Court are cross motions for summary judgment from plaintiff American IT Inc. (American IT) (Doc. 20) and the defendants (Doc. 22). Having considered the motions, the underlying facts, and the applicable law, the Court **DENIES** American IT's motion (Doc. 20) and **GRANTS** the government's motion (Doc. 22). Accordingly, the Court dismisses American IT's claims against the government.

## I. Background

The Immigration and Nationality Act (INA) allows the Department of Homeland Security (DHS) to create a petition for admission of qualified temporary workers coming to the United States to perform a specialty occupation for an importing employer.[1] These workers are commonly referred to as H-1B visa holders. The INA sets a regular cap of 65,000 per year for H-1B visas with an additional cap

---

[1] 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1184(c)(1).

1

of 20,000 individuals who have earned a master's or higher degree from a United States institution of higher learning.[2]

Demand typically exceeds congressionally-capped supply. So DHS regulations provide for a selection process commonly called a lottery.[3] Prospective employers register on the website of United States Citizenship and Immigration Services (USCIS)—an agency under the DHS umbrella.[4] USCIS then randomly selects from these registrations.[5]

The registration process requires the prospective employer to certify (among other things) that the employer has not worked with others to unfairly increase its odds of being selected in the lottery.[6] If USCIS determines "that this attestation was not true and correct . . . USCIS will find that registration to not be properly submitted."[7] If a registration was not properly submitted, the employer "would not be eligible to file a petition based on that registration."[8] "USCIS may deny or revoke a petition based on a registration that contained a false attestation and was therefore not properly submitted."[9]

---

[2] 8 U.S.C. §§ 1184(g)(1), (5)(c).

[3] *See generally* 8 C.F.R. § 214.2(h)(8)(iii). The Court applies the version of regulations as they existed in March 2022, when American IT submitted the registrations at issue in this case. The regulations were amended in March 2024.

[4] 8 C.F.R. § 214.2(h)(8)(iii)(A)(1).

[5] Liu v. Mayorkas, 588 F. Supp. 3d 43, 48 (D.D.C. 2022); 8 C.F.R. §§ 214.2(h)(8)(iii)(A)(1), (3)–(5).

[6] *Atabekov v. U.S. Citizenship & Immigr. Servs.*, 717 F. Supp. 3d 850, 855 (D. Neb. 2024).

[7] *Manney v. U.S. Dep't of Homeland Sec.*, No. 24-CV-760, 735 F. Supp. 3d 590, 597 n.8 (E.D. Pa. 2024).

[8] *Id.* (citing 8 C.F.R. § 214.2(h)(8)(iii)(A)(1)).

[9] *Id.*

2

When USCIS decides it has received a sufficient number of registrations, it closes the registration and randomly selects the number of registrations to meet the H-1B cap.[10]  The selected employers may then file a Form I-129 requesting H-1B classification for their potential employee.[11]

For fiscal year 2023, American IT submitted 263 registrations.  American IT included the attestation that it did not work with any other person or entity to unfairly increase its chances of prevailing.  American IT ultimately submitted 31 H-1B petitions, and 8 of those are at issue here.

USCIS later determined American IT and Vypra, Inc. (Vypra) had each submitted registrations for the same eight beneficiaries.  USCIS investigated and found evidence that the two companies shared a key employee and signatories.  USCIS issued notices of intent to revoke the eight petitions due to fraud.  American IT responded by rejecting the allegation that it was working with Vypra and included documents.  USCIS reviewed the submission but determined the evidence did not overcome the grounds for revocation.

American IT then filed this lawsuit.  During that time, USCIS reopened the petitions and issued new notices of intent to revoke them.  American IT responded as before.  And USCIS determined that a preponderance of the evidence showed that the grounds for revocation had still not been overcome.  So USCIS again revoked the

---

[10] 8 C.F.R. § 214.2(h)(8)(iii)(A)(5)(ii).

[11] 8 C.F.R. § 214.2(h)(8)(iii)(C).

petitions. American IT filed an amended complaint raising the same two Administrative Procedure Act (APA) claims as before.

## II. Legal Standard

"Summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency's action is supported by the administrative record and consistent with the APA standard of review."[12]  When reviewing an agency decision under the APA, district courts sit as an appellate tribunal—but without the added burden of convincing a fellow judge that we're right.[13]  A court reviews a denial by USCIS only to determine whether that denial was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."[14]  The Supreme Court has defined the arbitrary and capricious standard as a "court simply ensur[ing] that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision."[15]

And as the Fifth Circuit has framed it, if the agency considers the evidence and "articulates a rational relationship between the facts found and the choice made, its decision is not arbitrary or capricious."[16]  The agency's decision need not be ideal, so

---

[12] *Am. Stewards of Liberty v. U.S. Dep't of Interior*, 370 F. Supp. 3d 711, 723 (W.D. Tex. 2019) (cleaned up).

[13] *Redeemed Christian Church of God v. U.S. Citizenship & Immigr. Servs.*, 331 F. Supp. 3d 684, 694 (S.D. Tex. 2018).

[14] *Defensor v. Meissner*, 201 F.3d 384, 386 (5th Cir. 2000); 5 U.S.C. § 706.

[15] *Fed. Commc'ns Comm'n v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021).

[16] *Louisiana ex rel. Guste v. Verity*, 853 F.2d 322, 327 (5th Cir. 1988).

4

long as the agency gave at least minimal consideration to relevant facts.[17]

### III. Analysis

Both sides moved for summary judgment, contending this case under the APA presents a pure question of law. The Court agrees and takes each motion in turn.

### A. American IT's Motion

American IT argues that the lottery in 8 C.F.R. § 214.2(h)(8)(iii)(A)(5)(ii) violates the INA's mandate in 8 U.S.C. § 1184(g)(l) that H-1B visas go to aliens. The argument is that the lottery does not implement an approval program for aliens but instead for registrants. So the motion asks the Court to declare the H-1B lottery system void.[18] And American IT believes the sole reason for the denial of their petitions was the lottery system regulations.

The government responds that the lottery system complies with the INA and that, even if it didn't, the USCIS revocation was due to the requirement that American IT attest it did not work with any other person or entity to boost its lottery chances.

The Court agrees with the government that the relief American IT seeks does not flow from its argument. The true harm to American IT does not come from the presence of an H-1B lottery. That lottery structure in 8 C.F.R.

---

[17] *See Wright v. United States*, 164 F.3d 267, 268–69 (5th Cir. 1999) ("The agency's decision does not have to be ideal so long as the agency gave at least minimal consideration to relevant facts contained in the record.").

[18] This is a big shift from the argument in the amended complaint, which focused on the USCIS revocations being arbitrary and capricious for not giving sufficient weight to the evidence from American IT. But the Court considers the argument American IT raises here despite that procedural irregularity.

§ 214.2(h)(8)(iii)(A)(5)(ii) allowed American IT to submit 31 H-1B petitions—which included the 8 at issue here. What harmed American IT was the evidence that it worked with Vypra to boost its odds of getting H-1B visas. That ran afoul of the registration regulation in 8 C.F.R. § 214.2(h)(8)(iii)(A)(1) as well as the language in the INA itself (8 U.S.C. § 1184(g)(3)) allowing USCIS to revoke based on a fraudulent statement of material fact. But the complaint and summary judgment motion do not attack the registration regulation in 8 C.F.R. § 214.2(h)(8)(iii)(A)(1) or the anti-fraud provision in 8 U.S.C. § 1184(g)(3). As a result, the Court cannot say the regulation American IT is challenging (the lottery system in 8 C.F.R. § 214.2(h)(8)(iii)(A)(5)(ii)) is causing its harm. Thus, the Court denies American IT's motion and does not reach the question of whether the H-1B lottery is lawful.

## B. The Government's Motion

The government's motion for summary judgment argues that its revocation decision on the eight petitions was not arbitrary and capricious because USCIS considered the evidence American IT submitted but concluded it did not overcome the evidence of fraud. American IT did not respond to the government's motion. The Court agrees with the government.

The INA itself provides for revocations when an alien "is found to have been issued such visa or otherwise provided such status by fraud or willfully misrepresenting a material fact[.]"[19] When USCIS found the eight applicants at issue were dual listed by American IT and Vypra, the USCIS investigation uncovered

---

[19] 8 U.S.C. § 1184(g)(3).

evidence of fraud, such as a shared corporate employee. True, American IT submitted its own evidence. But USCIS considered it (twice) and concluded the evidence supported revocation. This discharged USCIS's duty under the APA to consider the evidence and "articulate[] a rational relationship between the facts found and the choice made."[20] As a result, the Court grants the government's motion and dismisses American IT's claims.

## IV. Conclusion

The Court **DENIES** American IT's motion for summary judgment and **GRANTS** the government's motion for summary judgment. The Court dismisses American IT's claims against the government. Each party shall bear its own costs and fees. All relief not expressly granted in this order is denied. This is a final judgment.

**IT IS SO ORDERED** this 23rd day of July, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[20] *Verity*, 853 F.2d at 327.